UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0207(1) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| JAMES ANTHONY OTIS, | |
| Defendant. | |

James Anthony Otis, pro se.

Defendant James Otis pleaded guilty to possessing a firearm as a felon and was sentenced to 188 months in prison.  This matter is before the Court on Otis's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons that follow, Otis's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A).  Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), however, the guideline by its terms is

limited to motions filed by the BOP.  Consistent with *United States v. Marcussen*, 15 F.4th 855 (8th Cir. 2021), the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion while also recognizing that it has the authority to grant a reduction even in circumstances that do not comport with the terms of that provision.

Otis seeks a reduction in his sentence on the ground that his mother is seriously ill and has no one else to care for her.  The Court agrees that this qualifies as an extraordinary and compelling reason under § 3582(c)(1)(A) and is sympathetic to both Otis and his mother.  Unfortunately, however, after considering the relevant factors under 18 U.S.C. § 3553(a), the Court cannot conclude that a sentence reduction is appropriate in this case.

As the Court explained at Otis's sentencing, Otis's current imprisonment arose out of a "one-man crime wave" during which he likely committed a dozen or more felonies, possessed at least six guns, led police on two dangerous high-speed chases, and fled from police on the day he was arrested. Sentencing Tr. at 11–12.  He trafficked large amounts of methamphetamine, maintained surveillance cameras at his residence, and was heard to say that he would engage in a shootout with law enforcement in order to avoid going back to prison.  PSR ¶ 9.  Further, Otis has been either committing crimes or imprisoned for committing crimes for much of his adult life.  PSR ¶¶ 42–59.  He was

sentenced under the Armed Career Criminal Act due to a lengthy and violent criminal history, including a conviction for second-degree assault when Otis was in his mid-40s. PSR ¶ 57.  While it is true that, prior to his current offense, Otis had done well for several years, his latest crime spree demonstrated that neither previous lengthy sentences nor age have deterred him from committing serious crimes and endangering the lives of innocent people.  Accordingly, after considering "the nature and circumstances of the offense," § 3553(a)(1), "the history and characteristics of the defendant," *id.*, and the need "to protect the public from further crimes of the defendant," *id.* (a)(2)(C), the Court denies Otis's motion for compassionate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 59] is DENIED.

Dated:  March 15, 2023                                         s/Patrick J. Schiltz
                                                               Patrick J. Schiltz, Chief Judge
                                                               United States District Court