UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0207(1) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| JAMES ANTHONY OTIS, | |
| Defendant. | |

James Anthony Otis, pro se.

Defendant James Otis pleaded guilty to possessing a firearm as a felon and was sentenced to 188 months in prison. This matter is before the Court on Otis's second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, Otis's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Otis seeks a reduction in his sentence on the ground that his mother is terminally ill and has no one else to care for her. The Court agrees, and the government does not dispute, that this qualifies as an extraordinary and compelling reason under

§ 3582(c)(1)(A)(i).  Indeed, Otis filed a similar motion a year ago, and the Court agreed at that time that Otis's desire to care for his mother qualified as a basis for compassionate release.  *See* ECF No. 61 at 2.  Unfortunately, his mother's condition has deteriorated significantly since then, and the Court is sympathetic to both Otis and his mother.  But despite its sympathy, the Court is required to follow the law—and having carefully reconsidered the relevant factors under 18 U.S.C. § 3553(a), the Court again finds that a sentence reduction is not warranted in this case.

As the Court explained at Otis's sentencing, Otis's current imprisonment arose out of a "one-man crime wave" during which he likely committed a dozen or more felonies, possessed at least six guns, led police on two dangerous high-speed chases, and fled from police on the day he was arrested.  Sentencing Tr. at 11–12.  He trafficked large amounts of methamphetamine, maintained surveillance cameras at his residence, and was heard to say that he would engage in a shootout with law enforcement in order to avoid going back to prison.  PSR ¶ 9.  Further, Otis has been either committing crimes or imprisoned for committing crimes for much of his adult life.  PSR ¶¶ 42–59.  He was sentenced under the Armed Career Criminal Act due to a lengthy and violent criminal history, including a conviction for second-degree assault when Otis was in his mid-40s.  PSR ¶ 57.  While it is true that, prior to his current offense, Otis had done well for several years, his latest crime spree demonstrated that neither previous lengthy

sentences nor age have deterred him from committing serious crimes and endangering the lives of innocent people.

Otis compares this case to *United States v. Ziegler*, No. 20-CR-0188 (SRN), 2023 WL 5769448 (D. Minn. Sept. 7, 2023), in which Ziegler sought and was granted release in order to care for his ailing mother. Ziegler had less than a year remaining on his sentence, however, and he was scheduled to be relocated to a residential reentry center in less than six months. *Id.* at *1, *5. In addition, Ziegler had *zero* prior criminal history. *Id.* at *5. Unlike Ziegler, Otis has more than five years remaining on his sentence and, as discussed above, has a long and violent criminal history.

As noted, the Court has great sympathy for Otis and his mother. Moreover, the Court recognizes that Otis has made commendable efforts toward rehabilitation. If Otis, like Ziegler, was nearing the end of his sentence, the Court would be willing to release him. But given the serious nature of Otis's crimes, his long and violent criminal record, the danger he poses to the public, and the fact that he has more than five years remaining on his sentence, the Court finds that the § 3553(a) factors compel the denial of Otis's second motion for compassionate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 62, 65] is DENIED.

Dated:  June 7, 2024

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court